# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ZANNA BLANEY, )<br>　　　Plaintiff, )<br> )<br>v. )<br> )<br>BEDFORD SCHOOL DISTRICT, )<br>　　　Defendant ) | Civil Case No.: |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff was fired from her position as a high school administrator for giving truthful testimony at a sentencing hearing about the employment performance of a former school counselor.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's First Amendment claim pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1343 (3)(4) under 42 U.S.C. §1983, and it has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in the State of New Hampshire because all of the alleged acts occurred in this District.

## **PARTIES**

4. Plaintiff, Zanna Blaney, is a resident of Goffstown, New Hampshire, and an employee of the Defendant.

5. Defendant, the Bedford School District, is a corporation organized pursuant to RSA 194:1 for the purpose of administering public education in the Town of Bedford, with the authority under RSA 194:2 to sue and be sued.

6. The School District is governed by a five person school board.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Plaintiff was hired by the Defendant as an Guidance Intern at the Bedford High School on or about January 1, 2008.

8. On or about August 25, 2008, she was hired for the position of school counselor.

9. On or about July 1, 2013, Plaintiff was selected for the position of Dean of Student Services.

10. Plaintiff's job performance has been excellent.

11. She served continuously as Dean of Student Services until she was placed on paid administrative leave on August 31, 2018.

12. Defendant also employed Kristie Torbick as a school counselor.

13. Torbick was Plaintiff's co-employee until Plaintiff's promotion to Dean of Student Services, when she became Torbick's supervisor.

14. Torbick's job performance for the Bedford School District was excellent.

15. On or about September 2016, Torbick left the employ of the Bedford School District to become a school counselor in the Exeter School District.

16. During the course of Torbick's employment by Exeter, she was charged with sexual assault for acts she committed while employed as a school counselor in that district against a student attending that district.

17. After Torbick was charged with assault, she twice requested that the Plaintiff provide a character reference to her attorney.

18. Plaintiff provided letters limited to Torbick's work performance for the Bedford School District.

19. The letters were not on school letterhead.

20. In early July of 2018, Torbick requested that Plaintiff testify at Torbick's sentencing hearing.

21. After consulting with the Superintendent of the Bedford School District, Plaintiff decided to provide testimony limited to Torbick's job performance at Bedford.

22. The Superintendent advised Plaintiff that giving testimony was "the right thing to do".

23. On July 9, 2018, at the sentencing hearing at Rockingham County Superior Court, Plaintiff testified about Torbick's positive work performance for the Bedford School District.

24. Plaintiff's testimony was honest and accurate.

25. Plaintiff did not express any opinion regarding Torbick's offense or the length of sentence that Torbick should receive.

26. Plaintiff took a half day personal leave in order to testify at the hearing.

27. She did not represent that she was testifying on behalf of the Bedford School District.

28. The sentencing hearing resulted in substantial adverse publicity, particularly in social media, because of the number of witnesses who testified at Torbick's request.

29. Plaintiff was falsely portrayed as having supported Torbick and testified against the student victim.

30. As a result of the controversy, Defendant required the resignation of the Superintendent.

31. Plaintiff continued in her duties as Dean of Student Services at the school until she was instructed to leave the building by the then interim Superintendent on or about August 3, 2018.

32. She was permitted to continue to perform her duties from home until August 31, 2018 when she was advised by Defendant that she was on paid leave and prohibited from performing any duties.

33. On September 28, 2018, Defendant gave Plaintiff notice of non-renewal of her contract.

34. On January 23, 2019, and February 14, 2019, the school board held a hearing on Plaintiff's appeal from the notice of non-renewal.

35. On or about March 13, 2019, the Bedford School Board issued a decision denying Plaintiff's appeal.

36. The Board acknowledged that aside from the Torbick controversy that the Plaintiff's job performance was "excellent".

## COUNT I – VIOLATION OF THE FIRST AMENDMENT

## OF THE UNITED STATES

37. Plaintiff exercised her freedom of speech as a citizen at the sentencing hearing, and in sending letters to Torbick's attorneys.

38. She had a responsibility as a citizen to give truthful testimony.

39. Her communications were outside the scope of her job duties.

40. Her letters and her testimony were written and provided on her personal time.

41. The subject matter of Plaintiff's speech at the sentencing hearing and in her letters involved a matter of public concern.

42. Her testimony and letter were expression protected by the First Amendment.

43. The value of Plaintiff's speech far exceeded any disruption alleged by the Defendant, particularly where the alleged disruption was caused by mischaracterizing and misconstruing her speech, and upon a failure to respect the right of criminal defendants to present testimony at their sentencing hearings.

44. Plaintiff was fired for providing truthful testimony protected by the First Amendment.

## COUNT II – VIOLATION OF CHAPTER 98-E:

## PUBLIC EMPLOYEE FREEDOM OF EXPRESSION

45. Pursuant to RSA 98-E:1, the Plaintiff as a public employee has "a full right to publicly discuss and give opinions as an individual on all matters concerning any government entity and its policies."

46. Plaintiff spoke at the Torbick sentencing hearing as an individual on a matter regarding a government entity and its policies.

47. Plaintiff did not represent that she was speaking on behalf of the Bedford School District.

48. Defendant violated RSA 98-E:2 by interfering with her freedom of speech, full criticism and disclosure.

49. Defendant's actions in placing Plaintiff on administrative leave and non-renewing her contract were in retaliation and violation of her exercise of her free speech rights.

## COUNT III – WRONGFUL TERMINATION

50. Plaintiff's action in providing truthful and relevant employment performance testimony at a sentencing hearing, and to the criminal defendant's attorneys, is in support of public policy, and the right of criminal defendants to present testimony pertaining to their sentencing. Superior Court Rule of Criminal Procedure 29(a)(2).

51. Defendant acted in bad faith in terminating the Plaintiff for her participation in the sentencing process and hearing.

WHEREFORE, Plaintiff respectfully requests:

  a. That she be reinstated with back pay and benefits to her position as Dean of Student Services.
  b. That she be awarded compensation for her wage and benefit losses.
  c. That she be awarded compensatory damages for her non-wage losses.
  d. That she be awarded enhanced compensatory damages for the violation of her rights under RSA 98-E, and for her wrongful termination.
  e. That she be reimbursed for her reasonable attorneys fees and expenses.

    f.  That she be awarded pre-judgment interest.

    g.  For such other relief as this Court deems just and proper.

**PLAINTIFF DEMANDS HER RIGHT TO TRIAL BY JURY.**

Respectfully submitted,

ZANNA BLANEY

By Her attorneys,

Backus, Meyer & Branch, LLP

Dated:   4/29/19      By:   /s/ Jon Meyer
Jon Meyer, NH Bar # 1744
116 Lowell Street, P.O. Box 516
Manchester, NH 03105-0516
603-668-7272
jmeyer@backusmeyer.com